In the Matter of JAMES M. TAYLOR, Respondent, v ROBERT J. McGUIRE, as Commissioner of the Police Department of the City of New York, et al., Appellants. — Order and judgment of the Supreme Court, New York County, entered December 27, 1979, unanimously modified, on the law and the facts, to reduce petitioner's overtime credit solely to the period during which he served as first deputy police commissioner and, as so modified, affirmed, without costs. Petitioner, after 34 years of service as a career police officer, was named first deputy police commissioner on January 14, 1974. The highest position held by him in the uniformed force was that of deputy chief inspector. Despite his appointment as first deputy police commissioner, he retained his position in the uniformed force until August 20, 1975, when he retired therefrom. Upon his retirement, he waived his rights to accrued overtime, annual leave and terminal leave. At the time of petitioner's appointment as first deputy police commissioner, the right to overtime pay was governed by Personnel Order No. 41/72 which provided that for managerial employees (into which category petitioner fell), overtime was to be divided into two categories. One half of such overtime was to be accumulated in an active overtime bank while the balance was to go into a reserve overtime bank. The reserve overtime bank could be used only in the case of catastrophic illness and then only if all sick leave, annual leave and active overtime bank reserves had been exhausted. Active overtime bank reserves could be used for compensatory time off up to a maximum of 12 days per year. Up to 100 days of overtime accumulated in the active overtime bank could be applied to a lump-sum payment upon retirement. Personnel Order No. 41/72 was superseded by Personnel Order No. 24/77, which became effective on June 17, 1977. That order limited overtime to work in excess of 40 hours per week. It consolidated the active and reserve overtime banks and provided for a lump-sum payment on final separation on the basis of a maximum of 10 days' overtime for each year of continuous city service not exceeding a total of 100 days. Additionally, accruals for annual leave and terminal leave were to be included in the lump-sum payment. Petitioner retired on December 31, 1977. It is, therefore, unnecessary for us to concern ourselves with the personnel order

which became effective on the day following his retirement and eliminated overtime pay for certain categories of managerial employees including the category into which petitioner fell. Upon his retirement he had accumulated overtime of 128 1/3 days worked in his capacity as first deputy commissioner. Under Personnel Order No. 24/77, the department credited him with 100 days of overtime, the maximum allowable under the personnel order. The comptroller disagreed with this computation and this proceeding followed. When petitioner resigned from the uniformed force, he waived his right to those benefits which had accrued when he was a member of that force. It follows that the time served as a member of that force cannot be used as the multiplier for computing overtime pay. The only base which is left available for such computation is the four years, less 13 days, which petitioner served as first deputy commissioner. Based on the maximum of 10 days for each year of service, petitioner would be entitled to overtime pay for somewhat less than 40 days. This, added to the accruals for annual leave and terminal leave which we find to have been properly computed, constitutes the lump-sum payment to which petitioner is entitled and we modify accordingly. Settle order computing the appropriate lump-sum payment. If the parties cannot agree upon the lump-sum payment, computed in accordance with this decision, the matter will be remanded for computation. Concur — Ross, J. P., Markewich, Silverman, Bloom and Carro, JJ.